UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA STENNES-COX,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, et al.,

    Defendants.

C15-1682-TSZ

ORDER

THIS MATTER comes before the Court on defendants Nationstar Mortgage, LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and HSBC Bank National Association's ("HSBC") joint motion to dismiss, docket no. 9, to which defendant Quality Loan Service Corporation of Washington ("Quality") joins, *see* docket no. 11. Having reviewed all papers filed in support of, and in opposition to, defendants' motion, the Court enters the following order.

*Background*

Plaintiff Barbara Stennes-Cox borrowed $448,000 from Countrywide Bank in July 2007 to purchase a home in Bellevue, Washington, providing a Deed of Trust to secure the loan. Sometime thereafter plaintiff defaulted on the loan, leading to the initiation of

ORDER - 1

nonjudicial foreclosure proceedings.  Quality, at that point the trustee, posted a Notice of Trustee's Sale on July 23, 2015.  That same day, plaintiff sent a letter to defendants, among others, purporting to rescind the loan pursuant to the Truth in Lending Act.  Thereafter, plaintiff filed this suit and seeking an injunction to effectuate the purported rescission.

*Discussion*

    A.    *Standard for Motion to Dismiss*

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 558.  A complaint may be lacking for one of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *E.g.*, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  If the Court dismisses the complaint or portions

ORDER - 2

thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B. *Truth in Lending Act*

The Truth in Lending Act ("TILA")*,* 15 U.S.C. § 1635 *et seq.*, provides borrowers in some types of loan agreements with a right to rescind the loan in certain circumstances. TILA offers two distinct rights of rescission: (i) an unconditional right to rescind within three business days of the consummation of the loan; and (ii) a conditional right to rescind if the lender fails to provide certain required information, forms, and disclosures. *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790, 792 (2015). Yet, even if the lender never provides the necessary information, the conditional right to rescind cannot extend more than three years beyond the consummation of the transaction. *Id.*

The core contention of plaintiff's suit is that her loan agreement was immediately rescinded upon the mailing of the letter advising defendants of her exercise of her right to rescind under TILA; it was not a request to rescind. Relying on *Jesinoski*, she argues that defendants had twenty days to bring a lawsuit challenging the rescission or it became final, regardless of any possible defects. However, plaintiff reads far too much into the Court's holding in *Jesinoski*. There, the dispute was whether a borrower was required to bring a lawsuit to establish a rescission under TILA or if advising the lender of an intent to rescind was enough. *Jesinoski*, 135 S. Ct. at 792. The Court held that TILA clearly "requires only written notice of rescission," but stressed that "so long as the borrower notifies *within three years after the transaction is consummated*, his rescission is timely." *Id.* (emphasis added). Nothing in the Court's opinion suggests that lenders are forced to

ORDER - 3

bring a lawsuit challenging a borrower's rescission within twenty days or forfeit the right to contest the validity of that rescission.  Plaintiff cites an Oregon district court case to suggest that once a rescission notice is sent, the lender has an obligation to either file a suit challenging the right to rescind or to begin the unwinding process.  *See Paatalo v. JPMorgan Chase Bank*, --- F. Supp. 3d ----, 2015 WL 7015317 (D. Or. 2015).  However, in that case the borrower sent a notification of rescission within the statutory period.  *Id.* at *3.  It is undisputed that the parties entered into the loan agreement on July 23, 2007.  *See* Assignment of Deed of Trust, docket no. 10-1.[1]  Plaintiff's letter to defendants seeking to rescind the loan is dated July 23, 2015.[2]  *See* docket no. 1-1.  Hence, any right plaintiff may have had to rescind the loan transaction expired, at latest, in July of 2011.  The crucial difference is that the borrower in *Paatalo* timely effectuated rescission whereas plaintiff did not.  Because plaintiff's attempt at rescission was void *ab initio*, there was no obligation for defendants to file a suit challenging the attempted rescission.

Plaintiff also argues that there is no proof that the loan transaction was ever consummated.  A loan transaction is consummated for purposes of TILA when the parties enter into a binding agreement obligating the parties to lend and borrow funds.  *See Jackson v. Grant*, 890 F.2d 118, 121 (9th Cir. 1989); 12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a

---

[1] The Court takes judicial notice of this recorded loan document.  *See* Fed. R. Evid. 201.

[2] In addition, it is not enough to merely allege generally that disclosures were not made (a threshold plaintiff has not even crossed here), but a plaintiff suing under TILA's conditional right to rescind must specify what disclosure was not made.  *See Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 277 (D.D.C. 2012).

ORDER - 4

credit transaction."). The recording of the Note and Deed of Trust conclusively establishes that the loan was consummated in April 2008. *See Young v. Nw. Tr. Servs., Inc.*, 2015 WL 1062047, *3 (W.D. Wash. Mar. 11, 2015). Further, plaintiff's argument that the loan might never have been consummated is logically inconsistent with the existence of a suit whose very goal is to rescind a consummated loan transaction. If no loan was consummated, there is nothing to rescind.

In sum, plaintiff's attempt to rescind the loan transaction is, at the least, more than four years after the right to rescind expired. Because the complaint could not be cured by the allegation of other facts, this case is DISMISSED with prejudice.

*Conclusion*

Defendants Nationstar, HSBC, MERS, and Quality's motion to dismiss, docket no. 9, is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 9th day of March, 2016.

　　　　　　　　　　　　　　　　Thomas S. Zilly
　　　　　　　　　　　　　　　　United States District Judge

ORDER - 5